**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**STEVE ALLEN JOHNSON,**

        **Petitioner,**

    **v.**                    **CIVIL ACTION NO. 3:08cv176**
                                          **(Judge Bailey)**

**WARDEN KUMA J. DEBOO,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 4, 2008, the *pro se* petitioner, Steve Allen Johnson, an inmate at FCI Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, seeking to have credit against his sentence for time he spent in state custody. The petitioner paid the filing fee on January 5, 2009. On January 6, 2009, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On February 4, 2009, the respondent filed a Motion to Dismiss or, in the Alternative Motion for Summary Judgment. On February 5, 2009, a Roseboro Notice was issued, and on March 5, 2009, the petitioner filed a response.

### II. FACTS

On July 12, 2002, the petitioner was arrested by Tennessee state authorities on a warrant issued by the State of Virginia. The petitioner was transferred to Virginia on July 16, 2002. (Doc. 9-2, p. 9). On September 6, 2002, the petitioner was sentenced by the State of Virginia to an effective 3-year term of imprisonment. (Doc. 1-3). On October 10, 2002, the petitioner was

indicted in the U.S. District Court for the Western District of Virginia for several offenses including Felon and Unlawful User of a Controlled Substance in Possession of a Firearm. (Doc. 9-2, p. 2). On October 30, 2002, the petitioner was borrowed by federal authorities pursuant to a writ of habeas corpus ad prosequendum. (Doc. 9-2, p. 10). On November 12, 2002, he was returned to state authorities. (Id.). On December 27, 2002, the petitioner was again borrowed by federal authorities pursuant to a writ. (Id.) On January 9, 2003, the petitioner pleaded guilty to Felon and Unlawful User of a Controlled Substance in Possession of a Firearm. (Doc. 9-2, p. 2). On April 2, 2003, the petitioner was sentenced in federal court to a 180-month term of imprisonment to run concurrent with the state sentence. (Doc. 9-2, pp. 4-5). The petitioner was returned to Virginia state authorities on April 7, 2003. (Doc. 9-2, p. 11). On March 11, 2005, the petitioner completed his state sentences and was released to federal custody.

## III.  CONTENTIONS OF THE PARTIES

Petitioner makes the following argument in his Application for Habeas Corpus:

(1) He should receive credit against his federal sentence for thirty-six months that he spent in the custody of the State of Virginia because his federal sentence was ordered to run concurrently with his state sentence.

The Government contends that the petition should be dismissed because:

(1) petitioner's prior custody has now been appropriately calculated.[1]

---

[1]At the time of the filing of the petition, the petitioner's projected release date via good conduct time was February 12, 2018. After the petition was filed, the petitioner's sentence computation was reviewed, and it was discovered that the computation was not properly calculated because his federal sentence had been treated as consecutive and not concurrent. The sentence computation was corrected and now reflects the concurrent federal sentence that was deemed to commence on April 2, 2003, the date of imposition. His recalculated projected release date is March 1, 2016.

In his reply the petitioner argues that he is entitled to 810 days of Good Conduct Time[2], and therefore, his effective release date should be April 22, 2015, rather than the March 1, 2016 date calculated by the BOP.

## IV.  STANDARD OR REVIEW

### A.  Motion to Dismiss

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations.  Walker v. True, 399 F.3d 315 (4th Cir. 2005).  Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957).

### B.  Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases.  See Blackledge v. Allison, 431 U.S. 63, 80 91977).  So too, has the Fourth Circuit Court of Appeals.  Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991).  Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party.  Miller v. Federal

[2]The petitioner arrived at this figure by multiplying 15 (his sentence in years) times 54.

Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).  However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986).  To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]."  Id.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation.  Anderson, 477 U.S. at 248.  It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## V. ANALYSIS

### A. *Nunc Tro Tunc* Designation

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant.  Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment."  Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence.  See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney

General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.")     In the petitioner's case, upon review of the petition and his federal sentence, a *nunc pro tunc* designation was made, and the petitioner's sentence computation now has been commenced at the earliest possible date, April 2, 2003.[3]

**B. <u>Prior Custody Credit</u>**

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment.  <u>See</u> <u>United States v. Wilson</u>, 503 U.S. 329 (1992).  In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." <u>Wilson</u>, <u>supra</u> at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence.   <u>See</u> <u>U.S. v. Brown</u>, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); <u>U.S. v. Goulden</u>, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

In this case, the petitioner was awarded prior custody credit from July 12, 2002, the date of his

---

[3]This is the date his federal sentence was imposed.

arrest by state official, through July 15, 2002, as this time spent in custody was not credited against

his state sentence. In addition, the petitioner has been given <u>Willis</u> credit from July 16, 2002

through September 5, 2002, the day prior to the commencement of his state sentence.[4] Therefore

he has earned the maximum prior custody credit to which he is entitled under 18 U.S.C. § 3585(b).

## C. 18 U.S.C. § 3624(b)(1)

As previously noted, the BOP acknowledges that it had initially miscalculated the petitioner's

sentence computation but corrected in on January 13, 2009, when it commenced his federal sentence

on the date it was imposed rather than on the date he was received into the BOP's custody.

However, the petitioner, in his reply to the respondent's Motion to Dismiss, argues that his sentence

calculation still is incorrect, and there are approximately 10 months and 13 days of time served for

which the BOP has not given him credit. The petitioner reaches this figure by calculating his Good

Conduct Time using his sentence of fifteen years and arriving at 810 days of Good Time Credit,

(Doc. 12, p. 2) as opposed to the 705 days of earned and projected Good Conduct Time calculated

by the BOP. (Doc. 9-2, p. 15).

Title 18 U.S.C. § 3624(b)(1), the statute governing the calculation of good time credit, states:

> [A] prisoner who is serving a term of imprisonment of more than 1 year
> other than a term of imprisonment for the duration of the prisoner's life,
> may receive credit toward the service of the prisoner's sentence, beyond
> the time served, of up to 54 days at the end of each year of the
> prisoner's term of imprisonment, beginning at the end of the first year
> of the term, subject to determination by the Bureau of Prisons that,
> during that year, the prisoner has displayed exemplary compliance with
> institutional disciplinary regulations.

The BOP regulation interpreting § 3624 explains, "[p]ursuant to 18 U.S.C. 4624(b), an inmate

---

[4]See Willis v. United States, 438 F.2d 923 (5th Cir. 1971), which provides for an exception to the rule that prisoners cannot receive double credit.

earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year." 28 C.F.R. § 523.20.

Therefore, although the petitioner's position is that he gets 54 days of good conduct time for each year of the sentence imposed, the BOP has interpreted the statute and regulation to mean that an inmate can earn 54 days of good time credit for each year that he is actually in jail. Therefore, the petitioner will earn less good time credit than he projected because as he accrues good time credit, the length of his actual imprisonment will be less than his original sentence.[5] The BOP's interpretation has been upheld by the Fourth Circuit. See Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005). Accordingly, the argument raised by the petition in his response is without merit.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 8) be **GRANTED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver

---

[5]Detailed examples of this calculation method can be found in the BOP Program Statement 5580.28.

of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C.

§ 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet.  The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: March 30, 2009

 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE