# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**STEVE ALLEN JOHNSON,**

    Petitioner,

v.                                                           **Civil Action No.    3:08CV176**
                                                                             **(BAILEY)**

**KUMA J. DEBOO, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.     Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate James E. Seibert [Doc. 16] and the petitioner's corresponding Objections [Doc. 18] thereto. By standing Order, the case was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and

recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation [Doc. 16]** should be, and is, **ORDERED ADOPTED**.

  II.  Factual and Procedural Background

On December 4, 2008, the *pro se* petitioner, an inmate at the Gilmer Federal Correction Institution located in Glenville, West Virginia, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The petitioner paid his required filing fee on January 5, 2009. On January 6, 2009, the magistrate judge made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On February 4, 2009, the respondent filed a Motion to Dismiss or, in the Alternative Motion for Summary Judgment. On February 5, 2009, a **Roseboro** Notice was issued, and on March 5, 2009, the petitioner filed a response.

On July 12, 2002, the petitioner was arrested by Tennessee state authorities on a warrant issued by the State of Virginia. The petitioner was transferred to Virginia on July 16, 2002. On September 6, 2002, the petitioner was sentenced by the State of Virginia to an effective 3-year term of imprisonment. On October 10, 2002, the petitioner was indicted in the U.S. District Court for the Western District of Virginia for several offenses including Felon and Unlawful User of a Controlled Substance in Possession of a Firearm.

On October 30, 2002, the petitioner was borrowed by federal authorities pursuant to a writ of habeas corpus ad prosequendum. On November 12, 2002, he was returned

to state authorities. On December 27, 2002, the petitioner was again borrowed by federal authorities pursuant to a writ. On January 9, 2003, the petitioner pleaded guilty to Felon and Unlawful User of a Controlled Substance in Possession of a Firearm. On April 2, 2003, the petitioner was sentenced in federal court to a 180-month term of imprisonment to run concurrent with the state sentence. The petitioner was returned to Virginia state authorities on April 7, 2003. On March 11, 2005, the petitioner completed his state sentences and was released to federal custody.

III.     Discussion

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See **United States v. Evans**, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence."). In the petitioner's case, upon review of the petition and his federal sentence, a *nunc pro tunc* designation was made, and the petitioner's sentence computation now has been commenced at the earliest possible date, April 2, 2003.

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See **United States v. Wilson**, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." **Wilson**, *supra* at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See **United States v. Brown**, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); **United States v. Goulden**, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

In this case, the petitioner was awarded prior custody credit from July 12, 2002, the date of his arrest by state official, through July 15, 2002, as this time spent in custody was not credited against his state sentence. In addition, the petitioner has been given **Willis**

credit from July 16, 2002 through September 5, 2002, the day prior to the commencement of his state sentence. See **Willis v. United States**, 438 F.2d 923 (1971). Therefore, he has earned the maximum prior custody credit to which he is entitled under 18 U.S.C. § 3585(b).

IV. Petitioner's Objection

In his Objections to the magistrate judge's R&R, the petitioner states that: "[Magistrate] Judge Seibert fails to address the issue of the United States Sentencing Guidelines § 5G1.3(b) that he should receive a downward departure for the remaining 10 (ten) months and 13 (thirteen) days that the Bureau of Prisons is Congressionally prohibited from granting." This statement is completely inaccurate. In fact, the following portion of the magistrate judge's R&R specifically addresses the petitioner's objection:

> "As previously noted, the BOP acknowledges that it had initially miscalculated the petitioner's sentence computation but corrected in on January 13, 2009, when it commenced his federal sentence on the date it was imposed rather than on the date he was received into the BOP's custody. However, the petitioner, in his reply to the respondent's Motion to Dismiss, **argues that his sentence calculation still is incorrect, and there are approximately 10 months and 13 days of time served for which the BOP has not given him credit**. The petitioner reaches this figure by calculating his Good Conduct Time using his sentence of fifteen years and arriving at 810 days of Good Time Credit, [Doc. 12, p. 2] as opposed to the 705 days of earned and projected Good Conduct Time calculated by the

BOP. [Doc. 9-2, p. 15].

Title 18 U.S.C. § 3624(b)(1), the statute governing the calculation of good time credit, states:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

The BOP regulation interpreting § 3624 explains, "[p]ursuant to 18 U.S.C. 4624(b), an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year." 28 C.F.R. § 523.20.

Therefore, although the petitioner's position is that he gets 54 days of good conduct time for each year of the sentence imposed, the BOP has interpreted the statute and regulation to mean that an inmate can earn 54 days of good time credit for each year that he is actually in jail. Therefore, the petitioner will earn less good time credit than he projected because as he accrues good time credit, the length of his actual imprisonment will be less

than his original sentence. The BOP's interpretation has been upheld by the Fourth Circuit. **See Yi v. Federal Bureau of Prisons**, 412 F.3d 526 (4th Cir. 2005). Accordingly, the argument raised by the petition in his response is without merit."

This Court not only agrees with the magistrate judge that this argument is without merit, but further notes that it was fully addressed, which is the sole basis for the petitioner's objection.

V. Conclusion

In recognition of the above, the Court **ADOPTS** the **Report and Recommendation** of the Magistrate Judge **[Doc. 16]** and further **ORDERS** that the **Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]** is **DENIED** and **DISMISSED WITH PREJUDICE**. Because this Court finds that the petitioner's Objection **[Doc. 18]** was fully addressed in Magistrate Judge Seibert's R&R, the same is hereby **OVERRULED as moot**. Additionally, this Court **GRANTS** the respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment **[Doc. 8]**. As a final matter, the Court **ORDERS** that this case be **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the petitioner.

**DATED**: April 15, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE